E-filed 12/6/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No.16-cv-05833-HRL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 19 |

　　　　Arnak Azaryan ("Azaryan") of RA & Associates, APC, moves to withdraw as counsel for plaintiff Edward Morton ("Morton"). Dkt. No. 19. Azaryan asserts that Morton has "repeatedly failed to maintain regular communications" with his attorney, and that Morton has further "failed and refused to pay for attorney's fees and costs pursuant to the fee agreement." *Id.* Both of these conditions, Azaryan argues, are sufficient reasons for a court to permit an attorney to withdraw from a representation. *Id.* Finally, Azaryan asserts that Morton was served with notice of his intent to withdraw "by e-mail and mail," and that Morton did not respond. *Id.*

　　　　No party submitted a timely opposition to this motion for withdrawal. As such, the court deems this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the hearing set for December 15, 2016.

　　　　Pursuant to Civil Local Rule 11-5(a), counsel may withdraw only with permission from the court and after providing written notice in advance to all parties. The California Rules of Professional Conduct set out several grounds for which an attorney may seek to withdraw. Cal. Rules of Prof'l Conduct R. 3-700(C)(1); *Waters v. E.P. Architectural Builders, Inc.*, No. C 10-03193 LB, 2011 WL 482769 (N.D. Cal., Feb. 7, 2011). A breakdown in the attorney-client relationship that makes it unreasonably difficult for the attorney to continue the representation is an acceptable reason for withdrawal. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *see also*

1  *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, Nos. C04-1429 VRW, C 04-1403 VRW, CO4-
2  1818 VRW, 2008 WL 2790200, at *6 (N.D. Cal., July 17, 2008).  A failure to pay agreed-upon
3  attorneys' fees is another valid reason for withdrawal.  Cal. Rules of Prof'l Conduct R. 3-
4  700(C)(1)(f); *Waters v. E.P. Architectural Builders, Inc.*, No. C 10-03193 LB, 2011 WL 482769
5  (N.D. Cal., Feb. 7, 2011).

6      Here, the court finds good cause to grant Azaryan's motion to withdraw because Morton
7  has failed to communicate with Azaryan and failed to pay agreed-upon fees.  Since no
8  arrangement for substitute counsel has been made, however, and Morton has not agreed to
9  represent himself pro se, the court grants the motion to withdraw on the condition that papers may
10 be served on Azaryan for forwarding purposes unless and until Morton appears by other counsel
11 or pro se.  Civil L.R. 11-5(b).  Counsel shall notify Morton of this condition.

12     **IT IS SO ORDERED.**

13 Dated: 12/6/2016

HOWARD R. LLOYD
United States Magistrate Judge

2