1

E-filed 12/7/2016

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9    EDWARD MORTON,                        Case No.16-cv-05833-HRL

10                 Plaintiff,              **ORDER GRANTING MOTION TO
                                           DISMISS**
11          v.

12   WELLS FARGO BANK, N.A., et al.,       Re: Dkt. Nos. 1, 6, 12

13                 Defendants.

14          Plaintiff Edward R. Morton ("Morton") sues defendants Wells Fargo Bank, N.A. ("Wells

15   Fargo") and NDeX West, LLC ("NDeX") for violations of California Civil Code Sections 2923.6

16   and 2923.7, violations of California Business and Professions Code Section 17200, negligence,

17   and an accounting under the Real Estate Settlement Procedures Act (RESPA).  Dkt. No. 1, Ex. A.

18   All five claims are related to defendants' handling of Morton's loan modification application.  *Id.*

19   Wells Fargo filed the present motion to dismiss for failure to state a claim upon which relief may

20   be granted, which NDeX seeks to join.  Dkt. Nos. 6, 12.  The parties appeared for a hearing on the

21   motion to dismiss on November 29, 2016.  Each party has consented to magistrate judge

22   jurisdiction.  Dkt. Nos. 8, 14, 18.  For the reasons described below, the court grants the motion to

23   dismiss with respect to both Wells Fargo and NDeX.

24                              **BACKGROUND**

25          Morton resides at 2040 West Middlefield Road, #32, in Mountain View, California, in a

26   house he has owned for more than 30 years.  Dkt. No. 1, Ex. A, at ¶¶ 1, 17.  In 2006, Morton

27   executed a promissory note for $510,000.00 with World Savings Bank, FSB (later succeeded by

28   Wells Fargo Bank, N.A.), secured by a Deed of Trust on his home.  *Id.* at ¶ 18.  Morton alleges

United States District Court
Northern District of California

that he defaulted on the loan in 2009, *id.* at ¶ 20, and that NDeX, the trustee on the Deed of Trust, recorded a Notice of Default and Election to Sell Under Deed of Trust on his home in 2013, *id.* at ¶ 21.  In response, Morton asserts that he requested a detailed accounting from Wells Fargo, that he never received a reply, *id.* at ¶ 22, and that he submitted "a complete first lien loan modification application" in November 2015, *id.* at ¶ 24.  Morton claims that he was never assigned a single point of contact for his loan modification application and that Wells Fargo recorded a Notice of Trustee's Sale of his home in December 2015, when his loan modification application was still under review.  *Id.* at ¶¶ 24-25.  Wells Fargo denied Morton's loan modification application by phone in May 2016, Morton asserts, but failed to provide him with further details or a written denial.  *Id.* at ¶ 27.

On the basis of these allegations, Morton brings five claims against Wells Fargo and NDeX.  First, Morton asserts that the defendants violated California Civil Code Section 2923.6 by recording a notice of sale while his loan modification application was under review and by failing to provide a written denial of his application.  *Id.* at ¶¶ 34-36.  Second, Morton claims that the defendants violated California Civil Code Section 2923.7 by failing to assign him a single point of contact for his loan modification application.  *Id.* at ¶ 42.  Third, Morton brings a claim for negligence, stating that the defendants did not exercise reasonable care in reviewing and processing his loan modification application.  *Id.* at ¶¶ 46-48.  Fourth, Morton asserts that the defendants violated California Business and Professions Code Section 17200 (et seq.) as a result of their violations of the Civil Code sections named above.  *Id.* at ¶¶ 55-58.  Finally, Morton requests an accounting under RESPA to determine if he is owed money by the defendants.  *Id.* at ¶¶ 64-69.

Defendant Wells Fargo timely removed this case to federal court in October 2016 and filed a motion to dismiss and request for judicial notice eight days later.  Dkt. Nos. 1, 6, 7.  Among the documents for which Wells Fargo has requested judicial notice is a loan modification agreement between Morton and World Savings Bank secured by a deed of trust.  Dkt. No. 7, Ex. C.  This agreement, dated May 23, 2007, modifies the loan on which Morton sues.  *Id.*

Wells Fargo asserts that each of Morton's five claims should be dismissed for failure to

2

state a claim upon which relief may be granted. Dkt. No. 6. Wells Fargo's numerous arguments against each claim will be discussed in greater detail below, as needed. Morton opposed Wells Fargo's motion to dismiss with respect to claims one through four, but did not present any arguments in support of his fifth claim. Dkt. No. 15. Defendant NDeX seeks to join Wells Fargo's motion to dismiss, asserting that the motion addresses issues common to both defendants. Dkt. No. 12.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a cause of action are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Corzine v. Whirlpool Corp.*, No. 15-cv-05764-BLF, 2016 WL 6476172, at *1 (N.D. Cal., Nov. 2, 2016) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## DISCUSSION

### 1. Wells Fargo's Requests for Judicial Notice.

Generally, district courts are limited to the materials contained in and attached to the pleadings in ruling on a 12(b)(6) motion. Courts may, however, without turning the motion to dismiss into a motion for summary judgment, take judicial notice of facts that are not subject to reasonable dispute and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as well as matters of public record. *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal., Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). The court may also consider, under the "incorporation by

United States District Court
Northern District of California

3

1    reference" doctrine, materials where "the plaintiff's claim depends on the contents of a document,

2    the defendant attaches the document to its motion to dismiss, and the parties do not dispute the

3    authenticity of the document, even though the plaintiff does not explicitly allege the contents of

4    that document in the complaint." *Hendricks v. Wells Fargo Bank, N.A.*, No. cv-15-01299-MWF

5    (JEMx), 2015 WL 1644028, at *1 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

6    2005)).

7         Wells Fargo's request for judicial notice ("RJN") asks the court to take notice of nine

8    documents falling into four different categories.  For the first category, the court takes judicial

9    notice of Exhibits B, D, F, G, H, and I to Wells Fargo's RJN[1] as these are public records of the

10   County Recorder's Office.  The second category of documents—detailing the series of

11   transactions through which World Savings Bank, FSB became Wells Fargo Bank, N.A.—includes

12   Exhibit E to the RJN.  The court takes judicial notice of these documents as matters not subject to

13   reasonable dispute pursuant to Federal Rule of Evidence 201(b).  *See also Hite v. Wachovia*, No.

14   2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-7 (E.D. Cal., June 10, 2010)

15   (taking judicial notice of the same documents).  The third category includes Exhibit A, the

16   promissory note dated January 6, 2006.  The court takes judicial notice of this document as it is

17   referenced and relied upon by the complaint and the parties do not dispute its authenticity.

18        The final document in the RJN is Exhibit C, a loan modification agreement between World

19   Savings Bank, FSB and Edward Morton dated May 23, 2007, which purports to modify the

20   original loan agreement signed on January 6, 2006.  Wells Fargo argues that the court may take

21   judicial notice of this document pursuant to the "incorporation by reference" doctrine.  Morton

22   responds that the court should not consider Exhibit C because the loan modification was not

23   publicly recorded and "contradicts the allegations made in the Complaint."  Dkt. No. 15, at 4.

24   Morton states: "[s]ince the Complaint makes no mention of Defendant's alleged prior

25

26   ───────────────

27   [1] Exhibit B: Deed of Trust dated January 6, 2006, and recorded January 12, 2006; Exhibit D: Open
     End Deed of Trust, recorded May 23, 2007; Exhibit F: Notice of Default and Election to Sell
     Under Deed of Trust, recorded January 13, 2010; Exhibit G: Notice of Rescission of Notice of

28   Default, recorded March 19, 2010; Exhibit H: Notice of Default and Election to Sell Under Deed
     of Trust, recorded April 5, 2013; Exhibit I: Notice of Trustee's Sale, recorded December 28, 2015.

1    modification, the Court is bound to review only the pleadings and any judicially-noticeable

2    documents at this stage of litigation." *Id.*

3        The court is persuaded that it may consider Exhibit C without turning the motion to

4    dismiss into a motion for summary judgment.  Morton's claims depend on his loan agreement with

5    Wells Fargo, and the modification agreement is part of that agreement.  Morton also, while noting

6    that the complaint does not mention the modification agreement, does not deny its authenticity.

7    The court will thus consider the loan modification agreement in Exhibit C to Wells Fargo's RJN

8    pursuant to the "incorporation by reference" doctrine described above.

9        **2.  Morton's First and Second Claims.**

10       Morton's first and second claims allege violations of California Civil Code Sections

11   2923.6 and 2923.7, respectively.  These sections, part of the California Homeowners' Bill of

12   Rights ("HBOR"), prevent mortgage servicers from recording notices of default or sale while loan

13   modification applications are under review and require servicers to provide a single point of

14   contact for borrowers.  Cal. Civ. Code §§ 2923.6, .7.  Wells Fargo argues that Section 2923.6(g)

15   precludes Morton's HBOR claims because he failed to plead sufficient facts as to documenting

16   and submitting a material change in financial circumstances to his mortgage servicer.

17       The statutory provisions at issue here provide as follows.  Section 2923.6(c) protects

18   borrowers from receiving notices of default when they have submitted complete loan modification

19   applications.  Section 2923.6(c)'s protections, however, can depend on Section 2923.6(g).  This

20   section states that mortgage servicers "shall not be obligated to evaluate applications from

21   borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a

22   first lien loan modification prior to January 1, 2013," unless the borrower has documented and

23   informed the mortgage servicer of "a material change in [his or her] financial circumstances"

24   occurring since the previous application.  Cal. Civ. Code § 2923.6(g).  Lastly, Section 2923.7

25   requires mortgage servicers to provide single points of contact to review loan modification

26   applications.

27       Wells Fargo argues that Morton's HBOR claims fail because Morton accepted a loan

28   modification agreement in 2007 and failed to allege a material change in financial circumstances.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    As a result, defendant states, Wells Fargo had no obligation to consider his application and the

2    protections of 2923.6(c) do not apply.  According to the judicially noticed documents, Morton

3    accepted a first lien loan modification on May 23, 2007, RJN, Ex. C.  Morton argues, however,

4    that he is nevertheless entitled to the protections of section 2923.6 because of his *new* loan

5    modification application.  He claims that Wells Fargo must evaluate this application under

6    2923.6(g).

7          But, as stated above, 2923.6(g) only obliges mortgage servicers to evaluate new loan

8    modification applications from borrowers who have previously been evaluated (as Morton has)[2]

9    when those borrowers have "experienced a material change in financial circumstances that was

10   documented and submitted" to the mortgage servicer.  *Ivey v. J.P. Morgan Chase Bank, N.A.*, No.

11   16-cv-00610-HSG, 2016 WL 4502587, at *3 (N.D. Cal., Aug. 29, 2016).  Morton has failed to

12   adequately allege documenting and submitting such a material change.  To sufficiently allege a

13   material change in financial circumstances, a plaintiff must provide more than a "barebones

14   explanation." *Id.*, (quoting *Gilmore v. Wells Fargo Bank, N.A.*, 75 F. Supp. 3d 1255, 1264-65

15   (N.D. Cal. 2014)).  "[B]are assertions" of a material change "do not constitute a proper

16   documentation" as a matter of law.  *McLaughlin v. Aurora Loan Servs., LLC*, No. SACV 13-

17   01653 JVS (RNBx), 2015 WL 1926268, at *6 (C.D. Cal., Apr. 28, 2015).  Here, Morton does not

18   specifically allege documenting and submitting information about his changed financial

19   circumstances to the mortgage servicer; all he alleges is that he submitted a complete application.

20   Even assuming that Morton's application included the explanation given in his complaint for his

21   default—that "a dip in the economy caused Plaintiff, who was a mortgage broker, to lose a lot of

22   business," Dkt. No. 1, Ex. A, at ¶ 20—this would be insufficiently specific to allege documenting

23   a change in financial circumstances.  *See Ivey v. J.P. Morgan Chase Bank, N.A.*, 2016 WL

24   4502587, at *4 (comparing a case in which the borrower informed the lender of a documented

25

26   _____

27   [2] *Ivey v. Chase Bank*, No. 14-cv-02289-NC, 2015 WL 294371, at *3 (N.D. Cal., Jan. 22, 2015)
     (collecting cases applying 2923.6(g) to borrowers who had prior loan modifications *accepted*);
     *Shaw v. Specialized Loan Servicing, LLC*, No. CV 14-00783 MMM (MRWx), 2014 WL 3362359,
28   at *6 (C.D. Cal., July 9, 2014) ("The plain language of the statute applies to all prior loan
     modification applications, whether they were successful or unsuccessful.").

United States District Court
Northern District of California

1   $2,400 salary increase with a case in which the borrower informed the lender of "dwindling take

2   home pay due to increased costs of living.").

3          Since Morton accepted a previous loan modification and has not adequately alleged

4   documenting and submitting a change in material circumstances, he has not alleged sufficient facts

5   to establish that Wells Fargo had an obligation to review his new loan modification application.

6   As a result, Morton is not entitled to the protections of Section 2923.6(c).  *Ivey v. J.P. Morgan*

7   *Chase Bank, N.A.*, 2016 WL 4502587, at *4 (granting motion to dismiss where plaintiff "defaulted

8   on his first loan modification and fail[ed] to adequately allege a material change in financial

9   circumstances"); *Smith v. Wells Fargo Bank, N.A.*, No. 15-cv-01779-YGR, 2016 WL 283521, at

10  *4 (N.D. Cal., Jan. 25, 2016) (same); *Mann v. Bank of Am., N.A.*, No. 5:13-cv-02293-

11  CAS(DTBx), 2014 WL 495617, at *3-4 (C.D. Cal., Feb. 3, 2014) (granting motion to dismiss

12  where plaintiff had been previously considered for a loan modification and failed to allege a

13  material change in financial circumstances, making 2923.6(c) inapplicable).  The same reasoning

14  applies to bar Morton's claims for relief under 2923.6(f) for failure to provide written denials.

15  Since Wells Fargo had no obligation to review Morton's loan modification application, it had no

16  obligation to provide him with a written denial.  *Castaneda v. Wells Fargo Home Mortg.*, No.

17  2:15-cv-08870-ODW-KS, 2016 WL 777862, at *4 (C.D. Cal., Feb. 26, 2016) (dismissing claim

18  under 2923.6(f) due to plaintiff's failure to state a claim for relief under 2923.6(g)).

19         Turning to the single point of contact claim, the court is persuaded that Morton fails to

20  state a claim under Section 2923.7 because he cannot allege a material violation of HBOR as

21  required by Civil Code Section 2924.12(a)(1).  This section states: "If a trustee's deed upon sale

22  has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material

23  violation of Section . . . 2923.7 . . . ."  Cal. Civ. Code § 2924.12(a)(1).  A material violation is one

24  where "the alleged violation affected a plaintiff's loan obligations or the modification process."

25  *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015).  Here,

26  Wells Fargo was under no obligation to review Morton's loan modification application due to his

27  failure to document and submit a material change in financial circumstances.  Thus, Morton

28  cannot allege that the outcome of his loan modification process or his loan obligations would have

7

1    changed if he had been assigned a single point of contact.

2        The court therefore grants the motion to dismiss Morton's first and second claims.  As the

3    decision as to both claims turns largely on Morton's failure to sufficiently allege documenting and

4    submitting a material change in financial circumstances, the court grants Morton leave to amend

5    these claims.

6    **3.  Morton's Third Claim.**

7        In his third claim, for negligence, Morton asserts that the defendants owed him a duty of

8    care in processing his loan modification application as a result of agreeing to review that

9    application.

10       A bank or mortgage servicer "acting within the scope of its conventional activities as a

11   lender of money" does not owe a borrower a duty of care.  *Nymark v. Heart Fed. Sav. & Loan*

12   *Ass'n*, 231 Cal. App. 3d 1089, 1092, 1096 (1991).  A bank is generally only liable to a borrower

13   for negligence "when the lender 'actively participates' in the financed enterprise 'beyond the

14   domain of the usual money lender.'"  *Id.* at 1096 (quoting *Connor v. Great W. Sav. & Loan Ass'n*,

15   69 Cal. 3d 850, 864 (1968).

16       Wells Fargo argues that loan servicing and loan modifications are part of a bank's

17   traditional lending role, and that these activities thus do not give rise to a duty of care.  For this

18   proposition, Wells Fargo cites *Lueras v. BAC Home Loans Servicing, LP*.  221 Cal. App. 4th 49,

19   67 (2013).  In that case, the court reasoned that "a loan modification is the renegotiation of loan

20   terms, which falls squarely within the scope of a lending institution's conventional role as a lender

21   of money," and determined that a mortgage lender did not have a duty of care to "offer, consider,

22   or approve" a loan modification.  *Id.* at 67-68.

23       In response to Wells Fargo's arguments, Morton relies on *Alvarez v. BAC Home Loan*

24   *Servicing, L.P.*, in which the court applied the *Biakanja* factors (from *Biakanja v. Irving*, 49 Cal.

25   2d 647 (1958)) and found that a bank that agrees to consider a loan modification application owes

26   a duty of care in reviewing and processing that application.  228 Cal. App. 4th 941, 948-49 (2014).

27       This court, like several others in the Northern District to consider the split in authority

28   between the *Alvarez* and *Lueras* lines of cases, finds the *Lueras* decision's reasoning more

United States District Court
Northern District of California

8

persuasive.  *Marques v. Wells Fargo Bank, N.A.*, No. 16-cv-03973-YGR, 2016 WL 5942329, at *8 (finding that a lender owed no duty of care in processing a loan modification application); *Garcia v. PNC Mortgage*, No. 14-cv-3543-PJH, 2015 WL 5461563, at *3 (N.D. Cal., Sep. 16, 2015) ("In the absence of some guidance from the Ninth Circuit, this court finds the reasoning in the *Lueras* decision to be more persuasive, and finds that a servicer, as any financial institution, owes no duty of care to a borrower in the provision of ordinary financial services such as loan modifications."); *Guillermo v. Caliber Home Loans, Inc.*, No. C-14-04212 JSW, 2015 WL 1306851 (N.D. Cal., Mar. 23, 2015) (finding that the lender owed no duty of care in processing a loan modification application where the borrower did not allege facts showing that the lender was "acting outside the scope of its conventional role").  Processing and reviewing loan modification applications "are indistinguishable from the process of providing an original loan, and therefore, fall within the lender's 'conventional role as a lender of money.'"  *Marques*, 2016 WL 5942329, at *8.  As a result, banks do not owe a duty of care to borrowers for such activities.

Since the court finds that the defendants did not owe Morton a duty of care in reviewing and processing his loan modification application, Morton fails to state a claim for negligence upon which relief can be granted.  As Morton's counsel, at the hearing on this motion, could not suggest any additional facts to support a duty of care in this case, the court denies leave to amend this claim, as amendment would be futile.

### 4. Morton's Fifth Claim.

Morton's fifth claim (the fourth claim is addressed below), for an accounting and violation of RESPA, asserts that Wells Fargo failed to act on Morton's requests for an accounting, and that an entity named "Paramount" failed to provide key information as required by RESPA, 12 U.S.C. Section 2605(e).  The court assumes that "Paramount" is a typographical error and that Morton intended to name either Wells Fargo or NDeX.  Wells Fargo asserts that this claim must fail because (1) an accounting is inappropriate due to the lack of a fiduciary duty or another type of special relationship; (2) Morton may only assert an accounting claim if Wells Fargo owes Morton money, which Wells Fargo asserts is not the case; (3) an accounting is not a remedy available under RESPA; and (4) RESPA claims require a showing that the violation of RESPA caused

United States District Court
Northern District of California

1  pecuniary damages, and the complaint fails to allege actual damages.  Wells Fargo further argues,

2  following Morton's failure to defend the fifth claim in its opposition brief, that Morton has

3  abandoned this claim.

4       The court grants the motion to dismiss this claim for three reasons.  First, Morton's failure

5  to oppose the motion to dismiss this claim is effectively an abandonment of the claim.  *Marin*

6  *Alliance for Med. Marijuana v. Holder*, No. C-11-05349 SBA, 2012 WL 2862608, at *11 (N.D.

7  Cal., July 11, 2012) (construing plaintiffs' absence of opposition as an "absence of dispute with

8  Defendants' arguments"); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.

9  2006).  Second, "there is no statutory basis for an accounting under RESPA."  *Farias v. FCM*

10  *Corp.*, No. 10cv260 L(CAB), 2010 WL 4806894, at *3 (S.D. Cal., Nov. 18, 2010).  And third, a

11  party seeking an accounting "must be a 'wronged fiduciary,'" and there are no facts alleged in the

12  complaint that suggest that a fiduciary relationship existed between Morton and defendants.  *See*

13  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) ("The

14  relationship between a lending institution and its borrower-client is not fiduciary in nature.").

15     **5.  Morton's Fourth Claim.**

16       Morton and Wells Fargo agree that Morton's fourth claim, for violation of California's

17  Unfair Competition Law, depends on the success of his other claims, as a violation of the Unfair

18  Competition Law requires a violation of some other law.  *See Slipak v. Bank of Am., N.A.*, No.

19  2:11-cv-01971-GEB-JFM, at *4-5 (E.D. Cal., Nov. 14, 2011).  As Morton failed to state a claim

20  for a violation of any other law, his Unfair Competition Law claim also fails.

21                                                    **CONCLUSIONS**

22       The court hereby grants defendant Wells Fargo's motion to dismiss each of Morton's five

23  claims.  As the reasons stated above for the failure of each of Morton's claims with respect to

24  Wells Fargo apply equally to NDeX, the court dismisses each claim against NDeX, as well.  The

25  court grants Morton leave to amend claims one, two, four, and five, but dismisses claim three

26  without leave to amend.  Morton shall not add any new claims without first seeking leave of the

27  court.  Finally, as Morton's lawyer has been granted permission to withdraw, Morton shall have

28  30 days to file an amended complaint.

1

**IT IS SO ORDERED.**

2

Dated: 12/7/2016

3

4

5

_____

HOWARD R. LLOYD
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

11