E-filed 3/7/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORTON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No.16-cv-05833-HRL <br><br> **ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** <br><br> Re: Dkt. Nos. 39, 44 |

In December, the court dismissed the complaint in this matter with leave to amend all but one of the claims alleged by Plaintiff Edward Morton ("Morton"). Dkt. No. 27. The court gave Morton 30 days to file an amended complaint. *Id.* One day earlier, the court granted leave for Morton's counsel to withdraw. Dkt. No. 25. Morton's counsel had filed an unopposed motion asserting that Morton was neither paying nor communicating with him. Dkt. No. 19. Under the terms of the court's order permitting withdrawal, Morton's counsel remained in the case for the sole purpose of facilitating communication until Morton either retained another attorney or appeared pro se. Dkt. No. 25.

Morton has neither retained new counsel nor appeared on his own behalf. Additionally, Morton failed to timely file an amended complaint. After Morton failed to join in the Case Management Conference statement and did not appear at the Case Management Conference, Dkt. Nos. 33, 38, the court issued an order to show cause why this case should not be dismissed for failure to prosecute, Dkt. No. 39. The show cause order set a hearing for March 7, 2017, and cautioned Morton in bold text: "If plaintiff fails to appear, the case will be dismissed for failure to prosecute." Dkt. No. 39. Morton failed to appear at the show cause hearing. Dkt. No. 44. All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 8, 14, 18.

Having considered the five factors set forth in *Malone v. United States Postal Service*, 833

F.2d 128, 130 (9th Cir. 1987), the court has determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action.  In view of Plaintiff's lack of response to this court's prior order, the court finds there is no appropriate less drastic sanction.  Accordingly, this action is dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.  The Clerk is instructed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: 3/7/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge